IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALBERT JOSEPH ROBUS,**<br>　　　　**Petitioner,**<br><br>　　vs.<br><br>**COMMONWEALTH OF PENNSYLVANIA,**<br>　　　　**Respondent.** | )<br>)<br>)　**C.A. No. 06-260 Erie**<br>)　**District Judge McLaughlin**<br>)　**Magistrate Judge Baxter**<br>)<br>)<br>) |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Petitioner's Motion for Preliminary Injunction [Document # 6] be denied.

**II.    REPORT**

Petitioner, an inmate at the State Correctional Institution at Albion, Pennsylvania, instituted this action by filing a "Writ of Mandamus" on November 7, 2006, which was subsequently amended on December 6, 2006. As relief, Plaintiff seeks an order from this Court releasing him from state custody, based upon his claim that he has served his maximum sentence. [Document # 5].

On December 14, 2006, Petitioner filed a motion for preliminary injunction [Document # 6], claiming that Respondents have been denying his access to the courts by refusing to send his legal mail "solely on the basis that I am indigent, and that I have exceeded my $ 10 [a] month indigency status." (Document # 6 at p. 1). Petitioner, thus, seeks an Order from this Court enjoining Respondents from withholding his legal mail in excess of the amount allowed by DOC policy. (Id. at p. 2).

A telephonic hearing on Plaintiff's motion was held before this Court on January 16, 2007. During this hearing, Plaintiff complained that the DOC's postage limit of $ 10.00 a month for indigent prisoners denies him access to the courts in violation of his due process

rights, because it prevents him from meeting the filing requirements of his various collateral challenges to his conviction and sentence. After hearing argument, this Court instructed Defendant's counsel to inquire as to whether the DOC's postage limitation applies equally to civil and criminal litigation, and to report to the Court with his findings. Defendant's counsel promptly responded to this Court's request by letter dated January 16, 2007, indicating that the DOC's applicable policy, DC-ADM 803, Inmate Mail and Incoming Publications Policy, does not distinguish between civil and criminal matters. [Document # 14]. In addition, Defendant's counsel noted that DC-ADM 803 has previously survived constitutional challenges in both the Middle and Eastern District Courts of Pennsylvania, citing Salkeld v. Tennis, 2006 WL 2794222, at *2 (M.D.Pa. 2006)(while "a state must provide prisoners an opportunity to send legal papers, [t]his does not mean ... that prisoners have a constitutional right to unlimited free postage")(citations omitted); and Jones v. Wadsworth, 1986 WL 13306, at *1 (E.D.Pa. 1986)("'prisoners do not have an unlimited right to free postage in connection with the right to access to courts.' Reasonable regulations are acceptable.")(citations omitted). (Document # 14 at p. 4).

   Injunctive relief in any form is an extraordinary remedy that should be granted in "limited circumstances." AT & T v. Winback and Conserve Prog. Inc., 42 F.3d 1421, 1427 (3d Cir.1994) (citations omitted). To obtain a preliminary injunction, the District Court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest. Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990). If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987). Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d

2

797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm").  Plaintiff bears this burden of showing irreparable injury.  <u>Hohe v. Casey</u>, 868 F.2d 69, 72 (3d Cir.), <u>cert</u>. <u>Denied</u>, 493 U.S. 848 (1989).  In fact, the Plaintiff must show <u>immediate</u> irreparable injury, which is more than merely serious or substantial harm.  <u>ECRI v. McGraw-Hill, Inc.</u>, 809 F.2d 223, 226 (3d Cir. 1987).  The case law provides some assistance in determining that injury which is irreparable under this standard.  "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'."  <u>Acierno v. New Castle County</u>, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted).  Additionally, "the claimed injury cannot merely be possible, speculative or remote."  <u>Dice v. Clinicorp, Inc.</u>, 887 F.Supp. 803, 809 (W.D.Pa. 1995).  An injunction is not issued "simply to eliminate the possibility of a remote future injury..."  <u>Acireno</u>, 40 F.3d at 655 (citation omitted).

In this case, Plaintiff has failed to demonstrate that he will suffer irreparable harm if he is not granted a preliminary injunction, nor has he demonstrated a likelihood of success on the merits.  As was eloquently stated by the Commonwealth Court of Pennsylvania when it dismissed a similar constitutional challenge to the former incarnation of DC-ADM 803:

> the option to place a *neutral* restriction, such as a dollar limitation, on the costs to be advanced by the Department for those [court] filings is a permissible one.  In fact, such a system allows the *inmate*, not the Department, to choose which cases to bring and which to forego.  Therefore, the policy does not arbitrarily act to prevent the filing of claims pertaining to the challenge of the underlying criminal sentence or the conditions of confinement.  The alternative for indigent inmates who wish to exercise their constitutional right to access the courts is to prioritize their legal filings.  This is no more than is expected of all litigants, incarcerated or not, who must consider the fiscal implications of various litigation costs and strategies.  For example, when an inmate has insufficient funds, the inmate can shift costs to the following month when he or she will have more funds by requesting, for that reason, an extension of time for filing documents.  The inmate can also reduce costs by seeking leave to file fewer copies of documents, and in extreme cases a court could, where warranted, order the Department to permit additional photocopying or mailing....

<u>Bronson v. Horn</u>, 830 A.2d 1092, 1096 (Pa.Cmwlth. 2003)(emphasis in original).  Accordingly, Plaintiff's motion for preliminary injunction should be denied.

## III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for preliminary injunction [Document # 6] be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (c), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

S/Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief U.S. Magistrate Judge