IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALBERT JOSEPH ROBUS,** | ) | |
| Petitioner, | ) | Civil Action No. 06-260 Erie |
| | ) | |
| v. | ) | |
| | ) | **District Judge McLaughlin** |
| **COMMONWEALTH OF** | ) | **Magistrate Judge Baxter** |
| **PENNSYLVANIA,** | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus, as amended, be dismissed as moot. A certificate of appealability should be denied.

### II.   REPORT

Petitioner is a former state prisoner who most recently had been incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI Albion"). In May of 1988, he pleaded guilty to multiple counts of forgery and theft before the Honorable Ricardo C. Jackson of the Court of Common Pleas of Philadelphia County. (Document # 25 at 1-2). On July 8, 1988, Judge Jackson sentenced him to a term of ten years probation, but several months later his probation was revoked. (Id. at 2). On February 6, 1990, Judge Jackson imposed an aggregate revocation sentence of two years to fifteen years imprisonment. (Id.) With credit for all pretrial custody, his sentence had an effective date of March 24, 1989; therefore, the minimum term of his sentence was set at March 24, 1991 and the maximum term was set at March 24, 2004. (Docket # 9 at 2).

Petitioner was paroled numerous times, but he was a habitual parole violator and therefore on several occasions he was recommitted as a technical parole violator and his sentence term was readjusted. (See Document # 9 at 2-6). Ultimately, on April 3, 2002, the Pennsylvania

Board of Probation and Parole (the "Board") ordered Petitioner's recommitment as a technical parole violator and set his parole violation maximum date at July 27, 2007. (Document # 9 at 5-6).

On November 7, 2006, Petitioner commenced these proceedings by filing a document he styled as a writ of mandamus and petition for emergency relief (Document # 1), which he amended on December 6, 2006 (Document # 5). This Court construed this action as one seeking habeas corpus relief pursuant to 28 U.S.C. § 2254, because Petitioner sought an order from this Court directing that he be released from state custody. Specifically, he raised the following two claims, which he contended entitled him to an immediate release: (1) the February 6, 1990 sentence imposed by Judge Jackson was illegal because the judge exceeded his authority in setting the sentence; and, (2) the Board improperly calculated his parole violator term and therefore Petitioner was being held in state custody beyond the expiration of his maximum sentence.

Thomas W. Dolgenos, Chief, Federal Litigation, Philadelphia District Attorney's Office, submitted an Answer to respond to Petitioner's claim regarding the legality of the sentence imposed by Judge Jackson. (Document # 25). Scott A. Bradley, Senior Deputy Attorney General of the State of Pennsylvania, submitted an Answer to respond to the claim that the Board improperly calculated Petitioner's maximum parole violator sentence date. (Document # 9). The state records attached to the Answers demonstrate that Petitioner's maximum sentence date was set at July 27, 2007. Petitioner's state correctional facility records from SCI Albion demonstrate that Petitioner was in fact released from state custody on that date.

  **A.**  **The Doctrine of Mootness**

A prisoner may seek federal habeas relief only if he is in custody in violation of the constitution or federal law. 28 U.S.C. § 2254(a); Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir. 1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir. 1991). The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry,

449 U.S. 90 (1980) (the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); Wolff v. McDonnell, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); Preiser v. Rodriguez, 411 U.S. 475 (1973); United States v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977).  The writ supplies the mechanism by which prisoners may challenge the length of their custodial term.  Fields v. Keohane, 954 F.2d 945, 949 (3d Cir. 1992); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991).  The remedy is to free an inmate from unlawful custody.

Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.  Lane v. Williams, 455 U.S. 624 (1982).  This general principle derives from the case or controversy requirement of Article III of the U.S. Constitution.  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); see also Spencer v. Kemna, 523 U.S. 1, 7 (1998).  In other words, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Id. at 477.  Thus, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."[1]  Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

Through the mere passage of time, Petitioner has been released from state custody.  In these circumstances, no live controversy remains.  The relief Petitioner sought is no longer of consequence to him; he no longer has the requisite "personal stake" in the outcome of the litigation.  Spencer, 523 U.S. at 7.  Accordingly, there is no case or controversy for this Court to

---

[1] An exception to this general rule occurs when a petitioner can demonstrate that he will suffer collateral consequences as a result of an alleged wrongful conviction.  See e.g., Spencer, 523 U.S. at 7-8.  In this case, Petitioner is not challenging his conviction and he has not alleged any collateral consequence that would satisfy the case-or-controversy requirement.

consider, and the amended petition should be dismissed as moot.

      **B.**      **Certificate of Appealability**

      Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[.]"  Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000).  A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings."  McCracken v. Gibson, 268 F.3d 970, 984 (10th Cir. 2001).  Under 28 U.S.C. § 2253(c)(3), the district court must identify which specific issues satisfy the standard.

      Because Petitioner's claims are moot, a certificate of appealability should be denied.

**III.    CONCLUSION**

    For the foregoing reasons, it is respectfully recommended that the amended petition for writ of habeas corpus be denied and that a certificate of appealability be denied.

    In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.  See <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

                        <u>/s/Susan Paradise Baxter</u>
                          SUSAN PARADISE BAXTER
                          Chief U.S. Magistrate Judge

Dated:  October 9, 2007